RECEIVED

JAN 22 2018

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY _____

IN THE UNITED STATES DISTRICT COURT

FOR Western District of Louisiana

Sean Geagan

6:18-cv-0078   SEC P

V.

Sheriff Michael Couvillon         Vermilion Parish Police Jury
Warden, Colonel Kirk Frith        Vermilion Parish Correctional Center
Lisa Stewart, RN                  Miriam Hutchinson, MD

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I. PREVIOUS LAWSUITS

   A.   HAVE YOU BEGUN OTHER LAWSUITS IN STATE OF FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO YOUR IMPRISONMENT?  YES [ ]   NO [X]

   B.   IF YOUR ANSWER TO "A" IS YES, DESCRIBE THE LAWSUIT IN THE SPACE BELOW. [IF THERE IS MORE THAN ONE LAWSUIT, DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME OUTLINE.]

      1.   PARTIES TO THIS PREVIOUS LAWSUIT

          PLAINTIFFS _____

          _____

          _____

          DEFENDANTS _____

          _____

          _____

      2.   COURT [IF FEDERAL COURT, NAME THE DISTRICT COURT; IF STATE COURT, NAME THE COUNTY]

          _____

    3.     DOCKET NUMBER _____

    4.     NAME OF JUDGE TO WHOM CASE WAS ASSIGNED _____

    5.     DISPOSITION [FOR EXAMPLE: WAS THE CASE DISMISSED? WAS IT APPEALED? IS IT STILL PENDING?] _____

    6.     APPROXIMATE DATE OF FILING LAWSUIT _____

    7.     APPROXIMATE DATE OF DISPOSITION _____

II. PLACE OF PRESENT CONFINEMENT _Vermilion Parish Correctional Center_

    A.     IS THERE A PRISONER GRIEVANCE PROCEDURE IN THIS INSTITUTION?

                                                        YES [X]    NO [ ]

    B.     DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT IN THE STATE PRISONER GRIEVANCE PROCEDURE?    YES [X]    NO [ ]

    C.     IF YOUR ANSWER IS YES

           1. WHAT STEPS DID YOU TAKE? _I followed the procedure outlined in the handbook and on the grievance form._

           2. WHAT WAS THE RESULT? _No relief and/or no response._

    D.     IF YOUR ANSWER IS NO, EXPLAIN WHY NOT. _____

    E.     IF THERE IS NO PRISON GRIEVANCE PROCEDURE IN THE INSTITUTION, DID YOU COMPLAIN TO PRISON AUTHORITIES?    YES [ ]    NO [ ]

    F.     IF YOUR ANSWER IS YES,

           1. WHAT STEPS DID YOU TAKE? _____

           2. WHAT WAS THE RESULT? _____

III. PARTIES

[IN ITEM "A" BELOW, PLACE YOUR NAME IN THE FIRST BLANK AND PLACE YOUR PRESENT ADDRESS IN THE SECOND BLANK. DO THE SAME FOR ADDITIONAL PLAINTIFFS, IF ANY.]

A. NAME IF PLAINTIFF  Sean Geagan

ADDRESS  14202 Allen Bares Jr Dr Abbeville La 70510

[IN ITEM "B" BELOW, PLACE THE FULL NAME OF THE DEFENDANT IN THE FIRST BLANK, HIS OFFICIAL POSITION IN THE SECOND BLANK, AND HIS PLACE OF EMPLOYMENT IN THE THIRD BLANK. USE ITEM "C" FOR THE NAMES, POSITIONS, AND PLACES OF EMPLOYMENT OF ANY ADDITIONAL DEFENDANTS.]

B. DEFENDANT  Michael Couvillon  IS EMPLOYED AS  Sheriff  AT  Vermilion Parish Sheriff Office

C. ADDITIONAL DEFENDANTS  Lisa Stewart, Nurse - VPCC; Miriam Hutchinson, Doctor - VPCC; Warden Colonel Kirk Frith - VPCC; Vermilion Parish Correctional Center; Vermilion Parish Police Jury.

IV. STATEMENT OF CLAIM

[STATE HERE AS BRIEFLY AS POSSIBLE THE *FACTS* OF YOUR CASE. DESCRIBE HOW EACH DEFENDANT IS INVOLVED. INCLUDE ALSO THE NAMES OF OTHER PERSONS INVOLVED, DATES, AND PLACES. DO NOT GIVE ANY LEGAL ARGUMENTS OF CITE ANY CASES OR STATUTES. IF YOU INTEND TO ALLEGE A NUMBER RELATED CLAIMS, NUMBER AND SET FORTH EACH CLAIM IN A SEPARATE PARAGRAPH. USE AS MUCH SPACE AS YOU NEED. ATTACH EXTRA SHEET IF NECESSARY.]

Involved Defendants: Michael Couvillon - Sheriff maintains employees at VPCC. Kirk Frith, Colonel - Warden oversees jail, sets policy and procedure. Lisa Stewart - In-house nurse at VPCC, responsible for inmate health. Miriam Hutchinson - Visiting doctor, responsible for inmate health, oversees medical staff at VPCC. Vermilion Parish Correction Center - houses inmates and its employees enforce policy. Vermilion Parish Police Jury - owns land and building, responsible for building maintenance. VPCC Employees: Day Shift 10-25-17 - Sgt. Anthony Klocer, Dep Brandon Stoutes, Dep- Blair Breaux, Day shift 10-27-17 - Sgt. Jacob Lebouef, Dep. Brock Savoy; Night shift - Sgt. Manuel Suire, Cpl Robert Casterline, Dep. Shaisely Charles, Dep Trevor Touchet. B-East Inmates - 10-27-17

Cell 2 - Adam Muton, Sean Geagan; Cell 3 - Anthony Harris, Shawn Jones; Cell 4 - Malik Trahan, Hunter Harrington; Cell 5 Nathaniel Trahan. Page Added

## V. RELIEF

[STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENTS. CITE NO CASES OR STATUTES.]

1) I am seeking restitution for misdiagnosis, mishandling, malpractice, with the pain and suffering I had to endure. 2) Restitution for the inhumane treatment and living conditions on 10-25 + 10-27. 3) The court to order VPCC administration and all employee's to undergo training to treat inmates better. 4) The court to order VPCC to undergo a thorough full inspection to repair the issues at the facility to improve the living conditions. 5) Finally I request the court to order the VPCC medical department to have a set of guidelines for better medical care, treatment of and for inmates.

SIGNED THIS __13th__ DAY OF __January__, 20__18__.

__[signature]__
[SIGNATURE OF PLAINTIFF]

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

__1-13-18__
[DATE]

__[signature]__
[SIGNATURE OF PLAINTIFF]

IV. Statement of Claim

A. Inadequate Medical Care and Malpractice

I have been forced to live with constant, extensive pain and suffering since my intake on February 20, 2017 at Vermilion Parish Correctional Center. My existing medical condition was reported in detail to the in-house nurse Lisa Stewart. I reported my constant pain and worsening condition for four months with absolutely no relief. I set forth and used the internal grievance procedure and received no real relief. I, again, enacted the internal grievance procedure and have received no relief and a response. Finally I received a consult on January 4, 2018 at UMC in Laffeyette, nearly one year since my intake to also find out my condition was misdiagnosed and mishandled by the in-house nurse Lisa Stewart and also by the visiting doctor Miriam Hutchinson.

B. Inhumane Treatment and Living Conditions

I, along with other inmates listed as B-East inmates, were forced to endure inhumane living conditions on a lockdown tier known as B-East on 10-25-17 with the toilet system backed up expelling feces, urine and other foreign objects the flooded the cells. Lockdown lunch was served on the tier, thus contaminating the food, then the tier was cleaned. The system again backed up flooding the cells and the tier with urine, feces, and other foreign objects. This was not cleaned up until 90 minutes after it was reported. The toilets were turned off for over seven hours with no alterative given for the inmates to use the restroom.

A. Inadequate Medical Care and Malpractice

I have been forced to live with constant, extensive pain and suffering since my intake on February 20, 2017 at Vermilion Parish Correctional Center. My existing medical condition was reported in detail to the in-house nurse Lisa Stewart. I reported my constant pain and worsening condition for four months with absolutely no relief. I set forth and used the internal grievance procedure and received no real relief. I, again, enacted the internal grievance procedure and have received no relief and a response. Finally I received a consult on January 4, 2018 at UHC in Laffeyette, nearly one year since my intake to also find out my condition was misdiagnosed and mishandled by the in-house nurse Lisa Stewart and also by the visiting doctor Miriam Hutchinson.

B. Inhumane Treatment and Living Conditions

I, along with other inmates listed as B-East inmates, were forced to endure inhumane living conditions on a lockdown tier known as B-East on 10-25-17 with the toilet system backed up expelling feces, urine and other foreign objects the flooded the cells. Lockdown lunch was served on the tier, thus contaminating the food, then the tier was cleaned. The system again backed up flooding the cells and the tier with urine, feces, and other foreign objects. This was not cleaned up until 90 minutes after it was reported. The toilets were turned off for over seven hours with no alterative given for the inmates to use the restroom.

1-13-18

Clerk,

I am filing the enclosed 1983 form as pro se. Due to the limited resources available to inmates at VPCC, I am sending this to the Shreveport address, as I am unable to get the address to the Lafayette divison. If this form must be filed at the location, please return the form as well as the address to the needed location.

thank you in advance

Sean

Sean Geagan - 65967
VPCC
14202 Allen Bares Jr. Dr.
Abbeville, La 70510